## JACOB WHITE, plaintiff in error *v.* GEORGE W. HIGHT, defendant in error.

*Error to Adams.*

Non-residents are exempted from the operation of the statute of limitations. The limitation of sixteen years in the statute of limitations, only applies to actions of debt and covenant, and to actions of awards.

This cause was tried at the November term, 1835, of the Adams Circuit Court, before the Hon. Richard M. Young.

A. WILLIAMS, for the plaintiff in error.

O. H. BROWNING, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:(1)

This is an action of *assumpsit* commenced by White against Hight in the Adams Circuit Court. The declaration contains two counts. The first count is on a promissory note dated the 26th day of January, 1819, for $403. The second count is on a written agreement dated 1st October, 1824, by which the defendant promised to pay the plaintiff $486,92, being the balance due the plaintiff on a note which he had held against the defendant, but which note had been lost.

The defendant pleaded three pleas, to wit, *non assumpsit, non assumpsit* within five years, as to both counts, and *non assumpsit* within sixteen years, as to the second count. To the second and third pleas the plaintiff replied, " That at the time when the

(1) WILSON, Chief Justice, did not sit in this cause.

said several causes of action and each of them did accrue to him, he, the said plaintiff, was in parts beyond the limits of this State, to wit, in the State of Ohio; and has ever since remained, and yet is beyond the limits of this State, to wit, in the State of Ohio." To which replication the defendant demurred, and the Circuit Court sustained the demurrer, and gave judgment for the defendant. The only question presented in this case, is, whether the "*Act for the Limitation of Actions, and for avoiding vexatious Law Suits,*"(1) approved February 10th, 1827, extends to non-resident plaintiffs. By the first section of the act, all actions upon the case, which term includes actions of assumpsit, and the other actions therein enumerated, shall be commenced within five years next after the cause of action shall have accrued, and not after. The second, third, fourth, and fifth sections limit the commencement of the several actions mentioned in these sections, to the times therein contained. The 6th section applies to the right of entry into land, and limits the time within which such entry may be made. The 7th section is in these words, to wit, " That every real, possessory, ancestral, or mixed action, or writ of right, brought for the recovery of any lands, tenements, or hereditaments, shall be brought within twenty years next after the right or title thereto, or cause of such action accrued, and not after: *Provided,* that in *all the foregoing cases in this act mentioned,* where the person or persons who shall have right of entry, title, or cause of action, is, are, or shall be, at the time of such right of entry, title, or cause of action, under the age of twenty-one years, insane, beyond the limits of this State, or *feme covert,* such person or persons may make such entry, or institute such action, so that the same be done within such time as is *within the different sections of this act* limited, after his or her becoming of full age, sane, feme sole, or coming within this State." The language used in the seventh section is too plain and unequivocal to admit of a doubt that the legislature intended to exempt infants, insane persons, feme coverts, and non-residents, from the operation of the act, until the removal of their respective disabilities, and the legislature are not without precedents of similar exceptions in other countries. The English statute of limitations contains a similar provision, and several of the States have copied it into their statutes.

The plea that the cause of action mentioned in the first count, did not accrue within sixteen years, is incorrectly pleaded. The limitation of sixteen years only applies to actions of debt and covenant, and to actions upon awards.

The Court therefore are clearly of opinion that the Court below erred in sustaining the demurrer to the plaintiff's replica-

(1) R. L. 441; Gale's Stat. 454.

R

tion.   The judgment is reversed with costs, and the cause remanded to the Adams Circuit Court, with directions to overrule the demurrer, and proceed in the cause consistently with this opinion.

*Judgment reversed.*

*Note.* Since the decision of this case, the following act has been passed by the General Assembly: An act to amend an act entitled " An act for the limitation of actions, and for avoiding vexatious law suits." Sec. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That the proviso to the seventh section of the act to which this is an amendment, shall not be held to extend to any non-resident, unless such non-resident be under the age of twenty-one years, insane or feme covert, and then and in that case the rights of such persons shall be saved for the time limited by the different sections of said act, after his or her becoming of full age, sane or feme sole.   Approved, February 11th, 1837.   Acts of 1836–7, 160; Gale's Stat. 456–7.   See also Acts of 1835.